NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONICO J. QUIROGA III, | No. 17-15329 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01697-AWI-MJS |
| v. | |
| TIMOTHY KING; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 12, 2018**

Before: RAWLINSON, CLIFTON and NGUYEN, Circuit Judges.

California state prisoner Monico J. Quiroga III appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional claims arising from his pretrial detention. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)). We affirm in part, vacate in part, and remand.

The district court properly dismissed Quiroga's failure-to-protect and conditions-of-confinement claims because, under any applicable standard, Quiroga failed to allege facts sufficient to show that defendants' labeling him an informant or placing him in administrative segregation resulted in a substantial risk of serious harm or that he suffered any injury as a result of defendants' actions. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim); *see also Farmer v. Brennan*, 511 U.S. 834, 837 (1994) (under the Eighth Amendment, a prison official is liable if he knows of and disregards an excessive risk to inmate health or safety).

The district court properly dismissed Quiroga's First Amendment retaliation claim because Quiroga failed to allege facts sufficient to show any protected conduct. *See Watison*, 668 F.3d at 1114-15 (setting forth elements of a First Amendment retaliation claim in the prison context).

The district court concluded that Quiroga failed to state a due process claim because Quiroga failed to allege that his confinement in administrative segregation amounted to punishment. However, Quiroga alleged that defendants placed him in

administrative segregation for the purpose of causing him harm and with an intent to "annoy and pester" him.  Liberally construed, these allegations are "sufficient to warrant ordering [defendants] to file an answer."  *Wilhelm*, 680 F.3d at 1116; *see also Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1160-61 (9th Cir. 2003) (a restriction on a pretrial detainee amounts to impermissible punishment if it is not reasonably related to a legitimate governmental objective); *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996) (pretrial detainees may not be subjected to disciplinary segregation without a due process hearing).

We vacate the dismissal of Quiroga's due process claim, and remand for further proceedings as to this claim only.  We affirm the dismissal of all other claims.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, VACATED in part, and REMANDED.**